IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **J.P., a minor who sues by and through her Mother and Next Friend, LATOYA PICKERING,** | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 23-319<br>) |
| v. | )<br>) |
| **ELMORE COUNTY SCHOOL DISTRICT; WETUMPKA MIDDLE SCHOOL; LOUKISHA BROOKS; and SHEMEKIA COOPER,** | )<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and hereby files this Complaint and alleges the following:

## PARTIES

1. Plaintiff J.P. is a resident citizen of Elmore County, Alabama, and is a minor child suing by and through her Mother and Next Friend, Latoya Pickering.

2. Defendant Elmore County School District is a public school system located in Elmore County, Alabama (whenever the term "Defendant" or "Defendants" is referenced herein, such is to refer to all Defendants, whether they be singular or plural, unless specifically stated otherwise).

1

3. Defendant Wetumpka Middle School is a public school located in Elmore County, Alabama (whenever the term "Defendant" or "Defendants" is referenced herein, such is to refer to all Defendants, whether they be singular or plural, unless specifically stated otherwise).

4. Defendant Loukisha Brooks (hereinafter referred to as "Defendant Brooks") is believed to be a resident citizen of Montgomery County, Alabama, and is believed to be over the age of nineteen (19) years (whenever the term "Defendant" or "Defendants" is referenced herein, such is to refer to all Defendants, whether they be singular or plural, unless specifically stated otherwise).

5. Defendant Shemekia Cooper (hereinafter referred to as "Defendant Cooper") is believed to be a resident citizen of Autauga County, Alabama, and is believed to be over the age of nineteen (19) years (whenever the term "Defendant" or "Defendants" is referenced herein, such is to refer to all Defendants, whether they be singular or plural, unless specifically stated otherwise).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 as this action arises under the laws of the United States and laws of the State of Alabama, all of which derive from a common nucleus of operative fact.

7. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events and/or omissions giving rise to the Plaintiff's claims occurred in Elmore County, Alabama.

## STATEMENT OF FACTS

8.     At all times pertinent hereto, the Plaintiff was a twelve (12) year old student at Defendant Wetumpka Middle School, which is a school within Defendant Elmore County School District's school system.

9.     At the beginning of the 2021-2022 school year, the Plaintiff befriended a minor male child in her class (hereinafter referred to as "minor John Doe").

10.    Roughly halfway through the school year, the Plaintiff's mother, Latoya Pickering, was going through the Plaintiff's cellphone when she found sexually explicit photographs and videos that were exchanged between the Plaintiff and minor John Doe.

11.    Immediately after finding this information, the Plaintiff's mother confiscated the Plaintiff's phone, grounded her, and had numerous discussions with the Plaintiff about why and how their conduct was inappropriate.

12.    Knowing that she would not be able to personally monitor her daughter's conduct at school, the Plaintiff's mother went to Defendant Wetumpka Middle School to speak with Defendant Brooks (who was, and remains, the school's principal) and put the school on notice of this conduct so that they could separate the children into different classrooms to ensure that the children's verbal conduct never manifested into anything physical.

13.    As a common courtesy, the Plaintiff's mother wanted to make sure that minor John Doe's mother was aware of the situation so that she could also take the necessary steps with minor John Doe at home, just as the Plaintiff's mother had already done.

14. As a result, and because the Plaintiff's mother did not know minor John Doe's mother personally, employees of the Defendants contacted minor John Doe's mother, who shortly arrived at the school.

15. Rather than meeting with the parents personally, Defendant Brooks instructed Defendant Cooper, the school's administrative assistant at the time, to meet with the parents.

16. At this meeting, Defendant Cooper instructed the parents to delete all relevant photographs and videos from the children's phones.

17. After this meeting, none of the Defendants ever moved the Plaintiff or minor John Doe into a different class.

18. Several weeks later, the Plaintiff's mother received a phone call from the Plaintiff's teacher stating that minor John Doe and the Plaintiff had been very "touchy" with each other that day.

19. The Plaintiff's mother once again went to the school to notify them of what she was told and to ask for the children to be separated into different classrooms, as she was doing everything she could do at home but needed the Defendants to step in while the Plaintiff and minor John Doe were at school.

20. Defendant Cooper told the Plaintiff's mother that moving children into different classrooms was not something the Defendants could do "that easily."

21. Rather than attempting to separate the children, the Defendants once again allowed the Plaintiff and minor John Doe to remain in the same class.

22. A few weeks after the Defendants once again failed to separate the Plaintiff and minor John Doe, on or about May 13, 2022, the Plaintiff was in class sitting next to minor John Doe.

23. Several students in the area surrounding the Plaintiff's desk were friends of minor John Doe.

24. While being inadequately supervised, minor John Doe began insisting that the Plaintiff perform oral sex on him.

25. Surrounded by minor John Doe's friends and at his insistence, the Plaintiff eventually acquiesced.

26. Because of the Defendants' failure to properly supervise their students, to take any preventative measures towards foreseeable sexual conduct of students, to separate the Plaintiff and minor John Doe despite numerous requests from both children's parents to do so, and/or to impose effective discipline when put on notice of sexually explicit conduct, the Plaintiff was placed in a position where she felt she had no choice but to proceed with the previously described act.

27. One of the surrounding students eventually told school administration and/or a teacher, who notified Defendant Brooks, who then notified the Plaintiff's mother.

28. Because this incident occurred towards the end of the school year, the Plaintiff was removed from public school and sent to Elmore County Alternative Program to begin the next school year.

29. As a proximate result of the Defendants' said acts/omissions, the Plaintiff suffered injuries and damages including, but not limited to, severe mental trauma, anguish,

5

and/or pain and suffering; severe physical trauma and/or pain and suffering; future mental and/or physical pain and suffering; emotional distress; medical expenses; loss of activity; loss of enjoyment of life; rehabilitative expenses.

## COUNT I
## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

30. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

31. Defendant Elmore County School District and Defendant Wetumpka Middle School are Title IX funding recipients.

32. The school's administration had actual knowledge of the alleged harassment as the Plaintiff's mother notified Defendant Brooks's office of the sexually explicit conduct on multiple occasions.

33. This conduct was severe, pervasive, and objectively offensive as it involved the exchange of sexually graphic photographs/videos and oral sex between two (2) children who were only twelve (12) years old at the time.

34. The Defendants acted with deliberate indifference to these known acts by refusing to move the children into separate classrooms after numerous requests by the Plaintiff's mother and at least one (1) request by minor John Doe's mother.

35. This conduct effectively barred the Plaintiff from access to an educational opportunity or benefit as she was removed from public school and sent to an alternative program for a period of time and has seen her grades decline from the mental anguish and depression she now suffers from.

36. The foregoing is an actual and proximate cause of the incident at issue in this case and the Plaintiff's damages described in paragraph No. 23 above.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

## COUNT II
## 42 U.S.C. § 1983 – EQUAL PROTECTION

37. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

38. Defendant Brooks and Defendant Cooper had actual knowledge of the alleged harassment as the Plaintiff's mother notified Defendant Brooks's office of the sexually explicit conduct on multiple occasions.

39. Defendant Brooks and Defendant Cooper acted with deliberate indifference to these known acts by refusing to move the children into separate classrooms after numerous requests by the Plaintiff's mother and at least one (1) request by minor John Doe's mother.

40. The foregoing is an actual and proximate cause of the incident at issue in this case and the Plaintiff's damages described in paragraph No. 23 above.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine,

including compensatory and punitive damages, plus interest and all costs of this proceeding.

## COUNT III
## NEGLIGENCE

41. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

42. Defendant Brooks and Defendant Cooper negligently failed to properly supervise their students, failed to take any preventative measures towards foreseeable sexual conduct of students, and/or failed to impose effective discipline when put on notice of sexually explicit conduct.

43. Defendant Brooks and Defendant Cooper had a duty to properly supervise their students, to take preventative measures towards foreseeable sexual conduct of students, and/or to impose effective discipline when put on notice of sexually explicit conduct.

44. Defendant Brooks and Defendant Cooper knew, or should have known, that failing to properly supervise their students, failing to take any preventative measures towards foreseeable sexual conduct of students, and/or failing to impose effective discipline when put on notice of sexually explicit conduct could lead to serious damages such as those sustained by the Plaintiff.

45. Defendant Brooks and Defendant Cooper negligently breached their duty to properly supervise their students, to take preventative measures towards foreseeable sexual conduct of students, and/or to impose effective discipline when put on notice of sexually explicit conduct by failing to supervise minor John Doe and the Plaintiff on the date of the

8

incident at issue in this case, failing to sufficiently discipline minor John Doe and/or the Plaintiff after being made aware of inappropriate conduct, and/or by refusing to separate minor John Doe and the Plaintiff after being put on actual notice of severe, pervasive, and objectively offensive sexual conduct.

46. The negligent conduct described herein is a direct violation of numerous written policies and/or procedures enacted and promulgated within the school district's personnel handbook.

47. The negligent conduct of Defendant Brooks and Defendant Cooper is an actual and proximate cause of the Plaintiff's injuries and damages described in paragraph No. 23 above.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

### COUNT IV
### WANTONNESS

48. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

49. Defendant Brooks and Defendant Cooper recklessly and/or wantonly failed to properly supervise their students, failed to take any preventative measures towards foreseeable sexual conduct of students, and/or failed to impose effective discipline when put on notice of sexually explicit conduct.

50. Defendant Brooks and Defendant Cooper had a duty to properly supervise their students, to take preventative measures towards foreseeable sexual conduct of students, and/or to impose effective discipline when put on notice of sexually explicit conduct.

51. Defendant Brooks and Defendant Cooper knew, or should have known, that failing to properly supervise their students, failing to take any preventative measures towards foreseeable sexual conduct of students, and/or failing to impose effective discipline when put on notice of sexually explicit conduct could lead to serious damages such as those sustained by the Plaintiff.

52. Defendant Brooks and Defendant Cooper breached their duty to properly supervise their students, to take preventative measures towards foreseeable sexual conduct of students, and/or to impose effective discipline when put on notice of sexually explicit conduct by recklessly and/or wantonly failing to supervise minor John Doe and the Plaintiff on the date of the incident at issue in this case, recklessly and/or wantonly failing to sufficiently discipline minor John Doe and/or the Plaintiff after being made aware of inappropriate conduct, and/or by recklessly and/or wantonly refusing to separate minor John Doe and the Plaintiff after being put on actual notice of severe, pervasive, and objectively offensive sexual conduct.

53. The reckless and/or wanton conduct described herein is a direct violation of numerous written policies and/or procedures enacted and promulgated within the school district's personnel handbook.

54. The reckless and/or wanton conduct of Defendant Brooks and Defendant Cooper is an actual and proximate cause of the Plaintiff's injuries and damages described in paragraph No. 23 above.

55. The Plaintiff claims damages, both compensatory and punitive, against Defendant Brooks and Defendant Cooper for their reckless and/or wanton actions and/or inactions described above.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

### COUNT V
### COMBINED AND CONCURRING NEGLIGENCE AND WANTONNESS

56. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

57. Defendant Brooks and Defendant Cooper acted together and in concert by negligently and/or wantonly failing to properly supervise their students, failing to take any preventative measures towards foreseeable sexual conduct of students, and/or failing to impose effective discipline when put on notice of sexually explicit conduct, thus causing damages to the Plaintiff.

58. The combined and concurring negligence and/or wantonness of Defendant Brooks and Defendant Cooper is an actual and proximate cause of the Plaintiff's damages described in paragraph No. 23 above.

59. The Plaintiff claims damages, both compensatory and punitive, against Defendant Brooks and Defendant Cooper for their negligent and/or wanton actions and/or inactions described above.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest and all costs of this proceeding.

**RESPECTFULLY** submitted this the 12th day of May 2023.

_____
**ALEX J. ALRED**
ASB-5600-S23T
Attorney for Plaintiff

OF COUNSEL:
**HAWTHORNE | ATCHISON | RIDDLE**
400 South Union Street, Suite 395
Montgomery, Alabama 36104
(334) 676-3696 – Phone
(334) 676-3697 – Facsimile
alex@HARlegal.com

_____
**WESTON T. BELL**
ASB-2336-Q12H
Attorney for Plaintiff

OF COUNSEL:
**HALL, REGISTER & BROWN, P.A.**
360 North Oates Street
Post Office Box 1748
Dothan, Alabama 36303/36302
(334) 793-3610 – Phone
(334) 671-1843 – Facsimile
wes@hdrlegal.com

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

_____
**ALEX J. ALRED**
OF COUNSEL

_____
**WESTON T. BELL**
OF COUNSEL

**DEFENDANTS TO BE SERVED BY PRIVATE PROCESS SERVER**

        Elmore County School District
        c/o Richard E. Dennis, Superintendent
        100 H. H. Robison Drive
        Wetumpka, Alabama 36092

        Wetumpka Middle School
        c/o Loukisha Brooks, Principal
        1000 Micanopy Street
        Wetumpka, Alabama 36092

        Loukisha Brooks
        113 Blushing Groom Street
        Montgomery, Alabama 36117

Shemekia Cooper
927 County Road 446
Marbury, Alabama 36051

_____
**ALEX J. ALRED**
OF COUNSEL

_____
**WESTON T. BELL**
OF COUNSEL

14