# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **J.P., a minor who sues by and through her Mother and Next Friend, LATOYA PICKERING,** | ) ) ) ) |
| Plaintiff, | ) No. 2:23-cv-000319-MHT-KFP ) |
| v. | ) ) |
| **ELMORE COUNTY BOARD OF EDUCATION; LOUKISHA BROOKS; and SHEMEKIA COOPER.** | ) ) ) ) |
| Defendants. | ) |

## JOINT MOTION FOR *PRO AMI* HEARING AND ORDER

**COME NOW** the parties, defendants Elmore County Board of Education, Loukisha Brooks and Shemekia Cooper, minor plaintiff J.P. and plaintiff Latoya Pickering, by and through their respective counsel, and say unto the Court that the parties have agreed to settle this case. Such settlement includes, among other things, the payment of a certain sum of money and a release to be signed by the minor plaintiff's next friend and co-plaintiff Latoya Pickering. However, the settlement reached by the parties is contingent on this Court's approval.

The parties therefore respectfully request that this Court hold a *pro ami* hearing to determine whether the proposed settlement meets the requirements of Alabama law as serving the best interests of the minor plaintiff. As for grounds for said request, the defendants say:

1.      The adult parties in this case have agreed to settle this matter, which must be approved by the Court as this case involves minor plaintiff J.P, who is the child of plaintiff Latoya Pickering.

1

2. The parties respectfully request that the Court not consider, in any way, the agreement reached between the plaintiffs' attorneys, the minor plaintiff's parent, and the defendants' attorneys. The parties respectfully contend that such settlement should exert no influence on the Court in rendering its decision regarding the same. The Alabama Supreme Court has stated:

> The Court may, upon being advised of the facts, upon hearing the evidence, enter up a valid and binding judgment for the amount so attempted to be agreed upon, but this is not because of the agreement at all – that should exert no influence – but because it appears from the evidence that the amount is just and fair, and a judgment therefore will be conservative of the minor's interest.

*Tenn. Coal, Iron & R.R, Co. v. Hayes*, 97 Ala. 201, 210, 12 So. 2d 98, 103 (Ala. 1893).

3. The parties specifically request a formal hearing with "extensive examination of the facts" to determine whether the settlement is in the best interests of the minors. *Abernathy v. Colbert Cnty Hosp. Bd.*, 388 So. 2d 1207, 1209 (Ala. 1980); *see also, Burlington N. R.R. Co. v. Warren*, 574 So.2d 758 (Ala. 1991), where the Alabama Supreme Court determined there must be a record demonstrating the judge conducted a hearing with extensive examination of the facts. *Id*. at 762.

4. The parties move this Court to schedule the requested *pro ami* hearing, via Zoom, on or before August 16, 2024.

5. The parties respectfully request that the standard used by the trial court in determining whether to approve this settlement be whether the settlement is: in the best interests of the minors, fair and just, and conservative of the minors' interests. *Tenn. Coal, Iron & R.R., Co. v. Hayes, supra; Large v. Hayes*, 534 So. 2d 1101 (Ala. 1988). The Alabama Supreme Court noted in *Large v. Hayes* as follows:

> The present and future well-being and security of an injured minor should not be lightly cast into the vicissitudes of a trial, if an amount and a method of payment that are just and fair, considering the evidence of liability and injury, are offered as a settlement. Once such an offer has been tested by the trial court's objective and disinterested determination that it is in the minor's best interest and a final judgment has been entered, that judgment, like any other judgment of a court that has

jurisdiction of the subject matter and parties and possesses the power to render the judgment, is immune from collateral attack.

*Id*. at 1105.

**WHEREFORE**, the parties respectfully request this Honorable Court to enter an Order to setting a *pro ami* hearing to be held, via Zoom, on or before August 16, 2024, using the above standards and legal principles to determine the appropriateness of the respective parties' proposed settlement to the Court for its consideration, review, and approval.

THE UNDERSIGNED CERTIFIES THAT SHE HAS FILED THIS JOINT MOTION WITH PERMISSION OF COUNSEL FOR THE PLANTIFFS AND INDIVIDUAL DEFENDANTS.

Respectfully submitted,

/s/*Dana B. Hill*
DANA B. HILL (ASB-4649-D58B)
Attorney for Defendant,
Elmore County Board of Education

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.**
31 Inverness Center Parkway, Suite 120
Birmingham, AL  35242
Telephone: (205) 271-1780
dhill@hillhillcarter.com

          /s/*John W. Marsh*
          JOHN W. MARSH (MAR173)
          Attorney for Defendants
          Shemekia Cooper & Loukisha Brooks

OF COUNSEL:
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
jmarsh@ball-ball.com

          /s/ *Alex J. Alred*
          ALEX J. ALRED (ASB-5600-S23T)
          Attorney for Plaintiffs J.P. and
              Latoya Pickering

OF COUNSEL:
**Norris Injury Lawyers**
201 Vulcan Road
Birmingham, AL 35209
(205) 870-8000 Phone
(800) 233-3874 Toll-Free Phone
(205) 870-8516 Fax
aja@getnorris.com

          /s/ *Weston T. Bell*
          WESTON T. BELL (ASB-2336-Q12H)
          Attorney for Plaintiffs J.P. and
              Latoya Pickering

Of COUNSEL:
**Hall & Bell, Attorneys at Law**
360 North Oates Street
Dothan, AL 36303
(334) 793-3610 – Telephone
(334) 794-9047 – Facsimile
wes@hdrlegal.com